United States District Court
Southern District of Texas

**ENTERED**

July 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALERIE TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-4046 |
| | § | |
| SKYWEST AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On August 26, 2025, Valerie Taylor ("Plaintiff") filed her Original Complaint against SkyWest Airlines, Inc. ("Defendant"), alleging claims of sex discrimination, a hostile work environment based on sex, and retaliation.[1]  On November 24, 2025, the court entered its Docket Control Order.[2]  The Order set June 17, 2026, as the deadline for "[i]dentification of plaintiffs experts by the party with the burden of proof on the issue and production of experts' reports in the form required by Fed. R. Civ. P. 26(a)(2)(B)."[3]  The Order applied the June 17, 2026, deadline to

---

[1]Plaintiff's Original Complaint, Docket Entry No. 1, pp. 4-11 ¶¶ 24-62.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Docket Control Order ("the Order"), Docket Entry No. 10.

[3]Id. at 1 ¶ 4.

all experts except attorney's fee experts.[4]  On June 17, 2026,
Plaintiff served Defendant with her Expert Designation, designating
Ahad Khan as an "expert on the sole issue of the necessity and
reasonableness of attorney's fees" and Kit Darby as an expert on
back pay and front pay.[5]  The Designation stated that neither
expert had prepared a report.[6]

Pending before the court is Defendant's Motion to Strike
(Docket Entry No. 13).  Defendant argues that the court should
strike Plaintiff's designation of Mr. Darby as an expert and
exclude Mr. Darby's testimony because Plaintiff failed to disclose
an expert report in accordance with Rule 26.[7]  Plaintiff has not
filed a response.

Because Mr. Darby has been retained by Plaintiff to provide
expert testimony, Plaintiff was required to produce Mr. Darby's
report in accordance with Rule 26 by June 17, 2026.[8]  "Rule 37(c)(1)
[of the Federal Rules of Civil Procedure] provides that a party who

---

[4]Id.

[5]Plaintiff's Expert Designation, Exhibit B to Defendant
SkyWest Airlines, Inc.'s Motion to Strike Plaintiff's Expert
Designation of Kit Darby and to Exclude His Testimony ("Defendant's
Motion to Strike"), Docket Entry No. 13-2, pp. 2-3.

[6]Id.

[7]Defendant's Motion to Strike, Docket Entry No. 13, p. 6.

[8]Docket Control Order, Docket Entry No. 10, p. 1 ¶ 4.
Rule 26(a)(2)(B) requires a written report, prepared and signed by
the witness, for any expert "retained or specifically employed to
provide expert testimony in the case."  Fed. R. Civ. P.
26(a)(2)(B).  It is clear that Rule 26(a)(2)(B) applies to
Mr. Darby.

fails to disclose [documents in accordance with Fed. R. Civ. P. 26] 'shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.'" Texas A&M Research Foundation v. Magna Transportation, Inc., 338 F.3d 394, 401–02 (5th Cir. 2003) (quoting Fed. R. Civ. P. 37(c)(1)). In other words, "the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless." Honey-Love v. United States, 664 F. App'x 358, 362 (5th Cir. 2016). "In evaluating whether a violation of rule 26 is harmless . . . [courts] look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." Magna Transportation, Inc., 338 F.3d at 402.

All four factors favor excluding Mr. Darby's testimony. Plaintiff has not addressed the importance of Mr. Darby's testimony. However, even if she "had shown the testimony was important this factor alone cannot singularly override the enforcement of local rules and scheduling orders." Welsh v. Correct Care Recovery Solutions, CIVIL ACTION NO. 5:18-CV-020-BQ, 2023 WL 9691861, at *4 (N.D. Tex. Sept. 12, 2023) (internal quotations omitted). Allowing the testimony would prejudice

-3-

Defendant because without the report Defendant could not evaluate whether to retain a responsive damages expert before the court's July 17, 2026, deadline.[9] See id. at *5 (finding that the failure to disclose a report resulted in prejudice to the defendant because he could not evaluate whether to retain a responsive damages expert).  The "court is not required to grant a continuance at such a late date in litigation." AIG Europe, Limited v. Caterpillar, Inc., 831 F. App'x 111, 116 (5th Cir. 2020) (per curiam) (internal quotations omitted).  Plaintiff had seven months to retain an expert and produce a report.  A continuance would delay the court's November 20, 2026, discovery cutoff.[10]  Plaintiff has offered no explanation for her failure to disclose Mr. Darby's report.  Accordingly, the court concludes that Plaintiff's violation of Rule 26 was neither substantially justified nor harmless.

Because all four factors favor excluding Mr. Darby's testimony, Defendant SkyWest Airlines, Inc.'s Motion to Strike Plaintiff's Expert Designation of Kit Darby and to Exclude His Testimony (Docket Entry No. 13) is **GRANTED.**

**SIGNED** at Houston, Texas, on this the 30th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[9]Docket Control Order, Docket Entry No. 10, p. 1 ¶ 5.

[10]Id. ¶ 6.